IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GHADA DEMIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-242 |
| | ) | |
| JOHN DOE and | ) | |
| EVANS DELIVERY COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Following a trucking accident on July 5, 2023, Plaintiff alleges Defendants are liable for his injuries, including past and future medical expenses and punitive damages, as well as emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, and inability to lead a normal life because of the violence of the collision and injuries to Plaintiff's body and nervous system. (See Compl., doc. no. 1-3; see also Notice of Removal, doc. no. 1, p. 3.) Plaintiffs filed this action in the State Court of Richmond County, and Defendants filed a Notice of Removal on December 20, 2024, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, p. 2.) There is no specific amount of damages claimed in the complaint beyond $35,768.57 in past medical expenses. (Doc. no. 1-3, p. 4.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th

Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

The stated basis for satisfaction of the amount in controversy is the conclusory statement that the amount in controversy exceeds $75,000 based on Plaintiff's claimed medical expenses itemized in the amount of $35,768.57, combined with a non-specific amount of other types of damages. (Doc. no. 1, p. 3.) Thus, it is not facially apparent from the complaint that Plaintiffs' claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, at a minimum, there must be specific factual allegations provided that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendants to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

SO ORDERED this 3rd day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA